IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Converged IT, L.L.C., et al., | No. CV 05-2489-PHX-ECV |
| Plaintiffs, | **ORDER** |
| vs. | |
| Business Development Solutions, Inc., et al., | |
| Defendants. | |

Pending before the court are Defendants' Motion for Order Compelling Arbitration (Doc. #5), Motion to Dismiss for Improper Venue (Doc. #6), and Motion to Stay Action Pending Arbitration (Doc. #7).

**A.     Motion to Compel Arbitration**

Defendants contend that this case should be submitted to binding arbitration based on an arbitration clause in the business consulting agreement between Defendant BDSI and Plaintiff Converged IT, LLC ("CIT").  Plaintiffs argue that the claims in this action are not subject to arbitration because they do not arise out of the business consulting agreement, the only agreement that contains an arbitration provision.

The Federal Arbitration Act ("FAA") states that a written provision in a contract to arbitrate disputes arising out of that contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9

1   U.S.C. § 2.  This and other provisions of the act have been interpreted to convey a federal

2   policy of liberally interpreting arbitration agreements.  E.E.O.C. v. Waffle House, Inc., 534

3   U.S. 279, 289 (2002) (citing Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25

4   (1991)).  One purpose of the FAA "was to reverse the longstanding hostility to arbitration

5   agreements that had existed in English common law and had been adopted by American

6   courts, and to place arbitration agreements upon the same footing as other contracts."  Id.

7   (quoting Gilmer, 500 U.S. at 24).  Consistent with that purpose, and absent some ambiguity

8   in the agreement, the language in the contract defines the scope of disputes subject to

9   arbitration.  Id.  "For nothing in the statute authorizes a court to compel arbitration of any

10  issues, or by any parties, that are not already covered in the agreement."  Id.  Thus, however

11  favored by the courts and Congress, arbitration is a contractual right that may not be enforced

12  by someone who is not a party to the agreement and who does not otherwise have the right

13  to compel arbitration.  Britton v. Co-op Banking Group, 4 F.3d 742, 744 (9th Cir. 1993)

14  (citing Lorber Industries of California v. Los Angeles Printworks Corp., 803 F.3d 523, 525

15  (9th Cir. 1986)).

16      Moreover, in the case of multiple agreements, an arbitration clause in one contract

17  does not govern disputes arising out of a subsequent contract unless the contracts are

18  interrelated in an ongoing series of transactions.  International Ambassador Programs v.

19  Archexpo, 68 F.3d 337, 339-40 (9th Cir. 1995).  The lack of an arbitration clause in a

20  subsequent agreement that is independent and subject to individual interpretation means

21  disputes over such an agreement are not subject to arbitration.  Id.

22      Defendants contend in their motion that the arbitration clause in the business

23  consulting agreement between CIT and BDSI compels arbitration of all the claims in this

24  case, even though the subsequent reorganization agreement between CIT and HID Properties

25  contains no such clause.  Plaintiffs allege eight causes of action in their complaint, only two

26  of which name BDSI as a defendant.  BDSI is not named in counts three through eight, and

27

28

the defendants named in those counts are not parties to the BDSI/CIT agreement.[1]  As a result, the defendants in counts three through eight have no standing to invoke an arbitration clause in a contract to which they are not parties.  See Britton, 4 F.3d at 744.

Moreover, with respect to all the counts, Defendants have not shown that the claims are covered by the arbitration clause.  First, upon review of all the causes of action, the court agrees with Plaintiffs that the claims relate primarily to the circumstances surrounding the sale of CIT to HID Properties, not to the consulting agreement between CIT and BDSI.  Because the claims do not arise from the agreement that contains the arbitration clause, they are not covered by it.  Second, Defendants have not demonstrated that the business consulting agreement and the subsequent reorganization agreement were interrelated such that the arbitration clause in the first agreement should apply to disputes arising from the second.  The first page of the reorganization agreement itself states that "[t]his Agreement supersedes all prior agreements verbal or written between the parties."  In addition, the agreements did not even involve the same parties or the same subjects - one involved consulting services between BDSI and CIT and the other involved a sale and reorganization between HID Properties and CIT.  Defendants have provided no basis to conclude that the parties to the second agreement intended the arbitration clause of the first agreement to govern their disputes.  The court will not infer an intent to arbitrate disputes arising out of the reorganization agreement where nothing in that agreement supports such an intent.  For these reasons, Defendants' motion to compel arbitration will be denied.

_____

[1] Lyle E. Pearson, a named defendant in every count of the complaint, states in his affidavit that he is the President of BDSI (and the CEO/President of HID Properties, Inc.).  Defendant Pearson, however, has presented no evidence to show that he is authorized, in his individual capacity, to invoke the arbitration provision of the BDSI/CIT contract.  See Britton, 4 F.3d at 748 (individual defendant did not have standing to enforce contract's arbitration clause despite claims that he was a third party beneficiary, a successor in interest, and an agent, officer and employee of the corporation).  The court therefore need not analyze whether Pearson's involvement with BDSI authorizes him to invoke the arbitration clause.

**B.      Motion to Stay Pending Arbitration**

In light of the court's denial of the motion to compel arbitration, the motion to stay will also be denied.

**C.      Motion to Dismiss for Improper Venue[2]**

Defendants argue in this motion that the case should be transferred to California pursuant to provisions in the consulting agreement and a Mutual Non-Disclosure Agreement. Alternatively, Defendants argue that the case should be transferred for the convenience of the parties pursuant to 28 U.S.C. § 1404(a).

Regarding Defendants' first argument for transfer, Defendants rely on a choice of law provision in the consulting agreement and a clause in the Mutual Non-Disclosure Agreement in which the parties (CIT and HID Properties) agreed to exclusive jurisdiction in California for disputes arising from that agreement. However, Defendants can point to no provision in the reorganization agreement that supports a transfer to California. As discussed above, the claims in this action relate primarily to the terms in the reorganization agreement regarding the sale of CIT to HID Properties. Further, the reorganization agreement expressly states that it supersedes all prior agreements between the parties. Because the primary agreement at issue in this action contains no choice of law or jurisdictional provision, the court finds no contractual basis to transfer this action to California.

Defendants further argue that California would be a more convenient venue. 28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

This provision is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van

---

[2] Although Defendants request a dismissal in their motion, their two main arguments address a transfer to California, not a dismissal. Defendants have presented no authority or argument in support of a dismissal and the court will therefore not address that request.

1    Dusen v. Barrack, 376 U.S. 612, 622 (1964)).  A plaintiff's choice of forum should not be
2    upset absent a strong showing of inconvenience by the defendants.  Decker Coal Co. v.
3    Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

4            Here, the court finds that Defendants have failed to establish California as a
5    significantly more convenient venue.  As Plaintiffs explain, they are residents of Arizona and
6    have their principal place of business here.  They contend that the principal witnesses have
7    substantial ties to Arizona or reside in Arizona, which Defendants do not dispute in their
8    reply.  Defendants also identify several witnesses in their reply who they say reside in
9    California.  Defendants further contend that the relevant contracts in this action were
10   negotiated in California.  However, in light of the policy favoring a plaintiff's choice of
11   forum and because Defendants have failed to demonstrate that the balance of convenience
12   weighs strongly in their favor, the motion to transfer will be denied.

13   **IT IS THEREFORE ORDERED:**

14           That Defendants' Motion for Order Compelling Arbitration (Doc. #5), Motion to
15   Dismiss for Improper Venue (Doc. #6), and Motion to Stay Action Pending Arbitration (Doc.
16   #7) are **DENIED**.

17           DATED this 10th day of February, 2006.

18

19

20   _____
21                   Edward C. Voss
                United States Magistrate Judge
22

23

24

25

26

27

28